UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
VINCENT RIVIECCIO,

               Plaintiff,

   -against-

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.
-----------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 19-cv-1207-FB

*Appearances*:
*For the Plaintiff*:
HAROLD SKOVRONSKY, ESQ.
1810 Avenue N
Brooklyn, New York 11230

*For the Defendant*:
RICHARD P. DONOGHUE, ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Vincent Rivieccio seeks review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits and supplemental security income.  Both parties move for judgment on the pleadings.  For the following reasons, Rivieccio's motion is granted and the Commissioner's motion is denied.

**I**

Rivieccio filed an application for benefits on August 19, 2014.  His application was denied, and he requested a hearing before an ALJ.  After the hearing, the ALJ ruled that Rivieccio was not disabled before October 29, 2014, but became disabled

thereafter.  The ALJ found that Riviecco has the following severe impairments: coronary artery disease with stent, ventricular tachycardia, pacemaker syncope, emphysema, hypertension, sleep apnea, diabetes mellitus, and obesity.  Regarding Rivieccio's ability to work before October 29, 2014, the ALJ assigned an RFC of:

> light work . . . except the claimant can occasionally climb ramps or stairs. He can never climb ladders, ropes, scaffolds, or balance. He can occasionally stoop, crouch, or kneel. He can never crawl. The claimant cannot be exposed to moving machinery or unprotected heights. He must avoid all exposure to extreme heat or cold, wetness or humidity, irritants such as fumes, odors, dust, gases, poorly ventilated areas, chemicals. Due to physical fatigue, the claimant must be allowed to be off-task 5% of the day, in addition, to regularly scheduled breaks.

AR 15.  The Appeals Council declined review.

## II

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks and alterations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

## III.

The ALJ determined that Rivieccio was not disabled before October 29, 2014 without obtaining a treating physician's opinion as to Rivieccio's limitations during

that time.  The treating physician opinions in the record only relate to Rivieccio's health after October 29, 2014.

Therefore, the ALJ made his decision, without a medical opinion, by interpreting Rivieccio's medical records on his own.  Notably, Rivieccio's medical records fail to address the impact of his physical impairments on his ability to work prior to October 29, 2014.  *See Benman v. Comm'r of Soc. Sec.*, 350 F.Supp.3d 252, 259 (W.D.N.Y. 2018) ("[T]he ALJ may not interpret raw medical data in functional terms"); *Hopper v. Colvin*, 199 F.Supp.3d 796, 816 (S.D.N.Y. 2016) ("[T]he ALJ's own interpretation of the treatment notes does not supersede the need for a medical source to weigh in on [claimant's] functional limitations").

Accordingly, remand is necessary to obtain a medical opinion regarding Rivieccio's limitations before October 29, 2014.

### III

For the foregoing reasons, Rivieccio's motion is GRANTED, Commissioner's motion is DENIED.

**SO ORDERED.**

    /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 11, 2020